```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

KARL L. ELDERS                           *

       Plaintiff           *

       vs.                 * CIVIL ACTION NO. MJG-02-3892

MARIA DIAZ                               *

       Defendant           *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Defendant's Motion for Summary Judgment [Paper 26] and the materials submitted by the parties related thereto. The Court finds a hearing unnecessary.

### I.   BACKGROUND

Plaintiff Karl Elders ("Plaintiff" or "Elders"), who was a Maryland Air National Guard (the "Guard") Squadron Commander, contends that Defendant Maria Diaz ("Defendant" or "Diaz"), a Lieutenant Colonel and flight surgeon under Plaintiff's command in the Guard, made false statements alleging that Elders sexually harassed and assaulted her.

On October 25, 2002, Elders filed a defamation suit in the Circuit Court for Baltimore County, Maryland, maintaining that Diaz libeled and slandered him and invaded his privacy when she made statements that Elders sexually harassed and

assaulted her.  The United States filed a Notice of Removal on November 29, 2002 and simultaneously filed a motion seeking to substitute the Government as the party-defendant, alleging that Diaz acted in the scope of her employment.[1]  On December 7, 2002, Elders filed an Opposition to the Government's Motion to Substitute, arguing that he should be entitled to challenge, through discovery, the propriety of the scope of employment certification.  Shortly thereafter, Diaz filed a Motion to Dismiss Elders' claims altogether.

Because the factual allegations in the Complaint were ambiguous, this Court on February 12, 2003, by letter Order, directed Elders to file an Amended Complaint specifying the "third parties" to whom, he alleges, Ms. Diaz made defamatory statements.  Plaintiff was to clarify the precise nature of the facts alleged, the context of the alleged actual statements, and clearly set forth the allegedly defamatory statements that were made outside the course of Defendant's Guard employment.  Furthermore, the Court instructed the Government that any certification as to the scope of

---

[1] Pursuant to 28 U.S.C. § 2679(d)(1), the United States obtained certification from the United States Attorney for the District of Maryland that Diaz was acting within the scope of her employment.

employment must address the specific actions alleged by the Plaintiff to be tortious.

Elders filed an Amended Complaint on March 3, 2003. The Government, on behalf of Diaz, filed the instant Motion for Summary Judgment on April 10, 2003.[2]

Elders alleges that

1. Diaz made statements accusing him of sexual harassment to fellow Guard officers, which occurred purely because of the personal friendships with these individuals and/or her desire to intentionally harm Elders, and not because of anything to do with official military business. Am. Compl. at ¶ 8.

2. Diaz repeated false allegations concerning Elders to her civilian office secretary and co-workers at Franklin Square Hospital. Plaintiff lists alphabetically the name of every doctor in the General Surgery Department of the hospital. Id. at ¶ 9.

3. Diaz repeated her false allegations concerning Elders to individuals who are her close personal friends, and members of her family household, including her husband and nanny. Id. at ¶ 10.

Defendant argues that Elders failed to assert with particularity facts supporting his claim that Diaz made

---

[2] The Government has not filed a separate Motion for Substitution and instead incorporates its Motion by reference in the instant Motion for Summary Judgment.

defaming statements to persons unrelated or outside the Guard employment context. Elders argues that Defendant's Motion for Summary Judgment is premature, and that he should be permitted to conduct discovery to buttress his allegations that Diaz's statements were made outside the scope of her employment with the Guard, and were not subject to any immunity.

II. <u>DISCUSSION</u>

Diaz seeks summary judgment based upon the following grounds:

1. The intramilitary immunity doctrine, first articulated in <u>Feres v. United States</u>, 340 U.S. 135 (1950), bars Elders' claim;

2. The Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity;

3. Elders has failed to exhaust his administrative remedies;

4. Diaz's statements to fellow Guard members and her spouse are privileged.

Once again, Diaz declines to address the claims actually made by Elders. If, as asserted by Diaz, Elders was seeking recovery for statements made by Diaz in the course of her employment in the National Guard, Diaz would prevail as a matter of law. However, Elders has pleaded — albeit broadly —

4

that Diaz made statements outside the scope of her employment. Elders is not seeking recovery for any statements that may be privileged.[3]

Of course, when a federal employee is sued in his or her individual capacity for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act") provides that the United States is substituted as the party-defendant in place of the federal employee upon certification that the employee was acting within the scope of his/her employment at the time of the incident out of which the claim arose. 28 U.S.C. § 2679 (d)(1). Moreover, as Elders concedes, to the extent that substitution is proper, Plaintiff cannot recover because the United States has not waived its sovereign immunity with regard to the claims asserted in this case. Opp. to Def. Mot. at 25; 28 U.S.C. § 2680(h). However, Elders challenges the validity of the certification. Therefore Elders must prove that Diaz was — in whole or part — not acting within the scope of her employment. See Maron v. United States, 126 F.3d 317, 323 (4th Cir. 1997).

---

[3] Elders does not contend that statements between Diaz and her spouse or statements made by Diaz as part of an official investigation are actionable. Opp. to Def. Mot. at 39.

"To carry [his] burden, the plaintiff must submit 'specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation.'" <u>Borneman v. United States</u>, 213 F.3d 819, 827 (4th Cir. 2000) (<u>citing</u> <u>Gutierrez de Martinez v. Drug Enforcement Admin.</u>, 111 F.3d 1148, 1155 (4th Cir. 1997). However, the plaintiff should be afforded the chance to conduct limited discovery regarding the scope of employment issue.

Elders should, also, be entitled to engage in discovery by virtue of Rule 56(f) of the Federal Rules of Civil Procedure. This Rule provides, in pertinent part:

> Should it appear from the affidavits of a party opposing [a summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may [permit]...discovery to be had or make such other order as is just.

Elders has made an adequate showing under Rule 56(f).

Accordingly, the instant summary judgment motion shall be denied without prejudice. Elders may engage in limited discovery as set forth herein.

III. <u>CONCLUSION</u>

For the foregoing reasons:

1. The Motion of Defendant Maria C. Diaz for Summary Judgment [Paper 26] is DENIED WITHOUT PREJUDICE.

2. The Motion to Substitute Defendant [Paper 26] is DENIED WITHOUT PREJUDICE.

3. Plaintiff shall, by November 21, 2003, submit to the Court and Defendant a Statement of Requested Depositions relating to the question of whether Diaz made any allegedly defaming statements outside the scope of her employment and/or any privilege, setting forth, as to each deponent, including Diaz,

   a. The identity of the deponent;

   b. The place of employment or other connection with Diaz;

   c. The asserted basis for believing this person has relevant knowledge;

   d. The duration of the deposition requested.

4. Plaintiff's counsel shall arrange a telephone conference with the Court and Defense counsel to be held by November 28, 2003 to discuss the extent of discovery to be permitted.

SO ORDERED, on <u>Tuesday, 4 November, 2003</u>.

```
               / s /
         Marvin J. Garbis
     United States District Judge
```