UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK WUTERICH | * |
| Plaintiff, | * |
| v. | *  Civil Action No. 06-1366 (RMC) |
| JOHN MURTHA | * |
| Defendant. | * |

**REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO VACATE OR STRIKE DEFENDANT'S WESTFALL CERTIFICATION AND FOR DISCOVERY**

The Government claims that the plaintiff has failed to identify any relevant disputed facts that justify the striking of its Westfall Certification or discovery. Reply in Support of Motion to Substitute Defendant and Dismiss for Lack of Subject Matter Jurisdiction and Opposition to Plaintiff's Motion to Strike at 7 (filed July 9, 2007).

The defendant, John Murtha, however, holds all the cards in his hands. Neither plaintiff Frank Wuterich, nor his counsel, is a mind-reader and can determine Mr. Murtha's intentions in disseminating his defamatory allegations or ascertaining each and every instance where the comments were made. For all that anyone knows, Mr. Murtha repeated his defamatory comments to a sibling, a neighbor or the grocery store clerk; someone outside of his congressional scope of employment. There are clearly factual circumstances that would then permit liability to attach.[1] The problem is that Mr. Murtha, unlike some of the congressional representatives in the other lawsuits, deliberately chose not to utilize his own voice in these proceedings, and we don't know

---

[1] As the military proceeds further with the charges against the involved Marines, it is appearing more and more probable that Mr. Murtha's comments were, in fact, highly irresponsible at best (to such a degree as to potentially constitute gross negligence or have been made with malice) and defamatory at worst. See Exhibit "1".

the scope of his conduct. This is exactly why discovery occurs in routine defamation cases, and why at the very least limited discovery is permitted to challenge Westfall certifications.

The Westfall Certification filed in support of Mr. Murtha's motion should be stricken, without prejudice, as substantively deficient on its face due to the fact that the plaintiff is entitled to at least Mr. Murtha's deposition before a ruling to dismiss should be issued. See Opposition to Motion to Substitute Defendant and Dismiss for Lack of Subject Matter Jurisdiction at *passim* (filed June 8, 2007).

Date:   July 17, 2007

                                       Respectfully submitted,

                                            /s/
                                    _____
                                    Mark S. Zaid, Esq.
                                    Mark S. Zaid, P.C.
                                    1250 Connecticut Avenue, N.W.
                                    Suite 200
                                    Washington, D.C.  20036
                                    (202) 454-2809
                                    ZaidMS@aol.com

                                    ATTORNEY FOR PLAINTIFF