UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK D. WUTERICH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN MURTHA, )<br>Congressman, )<br>)<br>Defendant. )<br>_____ ) | No. 06-1366 (RMC) |

## MOTION TO STAY PENDING APPEAL

Pursuant to Rules 7(b) and 62 of the Federal Rules of Civil Procedure, and Rule 8(a)(1) of the Federal Rules of Appellate Procedure, Defendants, the Honorable John Murtha and the United States of America, respectfully move this Court for an order staying its oral Order entered on September 28, 2007, pending their appeal of that Order. In support of this Motion to Stay, Defendants refer this Court to the Memorandum of Points and Authorities attached hereto.

Undersigned counsel conferred today with counsel for Plaintiff who opposes the Motion.[1]

---

[1] Although Plaintiff has indicated that he opposes the Motion, Plaintiff has agreed to postpone the pending deposition and document production until this Court has ruled on this Motion

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK D. WUTERICH, )<br>)<br>Plaintiff, )<br>)<br>v.                                          )<br>)<br>JOHN MURTHA, )<br>Congressman, )<br>)<br>Defendant. )<br>_____) | No. 06-1366 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL**

Plaintiff filed the above matter on August 6, 2006, against the Honorable John Murtha, who represents the 12th Congressional District of Pennsylvania, is a member of the House Committee on Appropriations, and is the Chairman of the Appropriations Committee's Subcommittee on Defense. Prior to the commencement of the 110th Congress in January 2007, Congressman Murtha was the Ranking Member of the Subcommittee on Defense. In November, 2005, Congressman Murtha introduced a Joint Resolution (HJ Res. 73) to Congress demanding the redeployment of U.S. troops from Iraq. That resolution expired with the change of Congress, and Congressman Murtha re-introduced the resolution before the current Congress. (HJ Res. 18).

Plaintiff's Complaint contains three claims against Congress John Murtha – libel, invasion of privacy/false light, and republication of defamatory statements by third parties. The claims arise out of statements that Congressman Murtha made in press interviews concerning his official position on the war in Iraq, specifically relating to an incident in Haditha, Iraq involving the death of civilians.

On May 7, 2007, Defendants moved to substitute the United States and to dismiss the

Complaint.  Dkt. Nos. 3 and 4.  Plaintiff opposed the motion to dismiss and filed a Motion to Strike Defendants' Westfall Certification and for Discovery.  Dkt. Nos. 6 and 7.  At a status hearing on September 28, 2007, the District Court orally denied the government's motions to substitute and to dismiss, without prejudice, and authorized discovery on the scope certification issue.  There is no formal order.

On Friday, November 16, 2007, Defendants filed a Notice of Appeal, and now seek a stay of the September 28th Order pending the appeal.

## ARGUMENT

Immunity from suit, whether qualified or absolute, "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery ..., as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) and *Harlow v. v. Fitzgerald*, 457 U.S. 800, 817 (1982)).  In the present matter, the entitlement that is the subject to appeal here is an absolute immunity from suit; which includes a right not to be subject to potentially burdensome discovery.  *Osborn v. Haley*, __ U.S. __, 127 S.Ct. 881, 884 (2007) ("the Westfall Act[] accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties") (citing 28 U.S.C. § 2679(b)(1)).

Indeed, because of the nature of the right at stake, a defendant may immediately appeal both the denial of a motion to dismiss on immunity grounds and the subsequent denial of a motion for summary judgment.  *Behrens*, 516 U.S. at 309.  Absent a stay of the discovery ordered by the Court, the claimed entitlement that is the very subject of the appeal would be

destroyed before the completion of any appellate briefing, argument, and decision.

In alluding to the possibility of a certification for appeal pursuant to 28 U.S.C. § 1292(b), the Court has quite appropriately recognized that there are substantial questions here to be resolved prior to discovery. Defendants believe, however, that there is a right to appeal where the issue of immunity is at stake, *see Osborn*, 127 S.Ct. at 893, and the same reasons that support a right to appeal also support a stay pending the appeal. While Defendants are filing this motion to stay out of an abundance of caution, suspending discovery pending a Westfall absolute immunity appeal should, respectfully, be seen as essentially automatic, or at least as the rule rather than the exception.

I.      **Standard of Review.**

When considering a motion for stay pending appeal, the Court must balance: (i) the likelihood of success on the merits; (ii) whether the appellant will suffer irreparable injury if the stay is denied; (iii) whether the issuance of a stay will cause substantial harm to other parties; and (iv) the public interest. *U.S. v. Philip Morris, Inc*. 314 F.3d 612, 617 (D.C. Cir. 2003); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958). In addition, the significance of the issues raised on appeal is also a critical consideration:

> An order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant.

*Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc*., 559 F.2d 841, 844 (D.C. Cir. 1977). Application of these factors here clearly militates in favor of a stay.

II.     **<u>Defendants Will Suffer Irreparable Harm.</u>**

If a stay is not granted, Defendants will suffer immediate and irreparable harm. In response to the Court's denial of the Defendants certification, Plaintiff served 25 document requests upon the Defendants, seeking each and every document relating or referring to the incident at Haditha, as well as each and every document relating or referring to every conversation Congressman Murtha had with any person regarding the incident at Haditha. Plaintiff further served a Notice of Deposition for Congressman Murtha. Obviously, once any of those documents are produced or reviewed, or the Congressman is deposed, the very basis for the appeal and the harm sought to be protected against will have occurred, and that harm will not be reparable. *Compare Mitchell v. Forsyth*, 472 U.S. at 526-527 (immunity issue is immediately appealable because immunity protection against discovery would be irreparably lost otherwise); *accord Behrens v. Pelletier*, 516 U.S. at 308 (qualified immunity is immunity from discovery).

Not surprisingly, the logic of this position has not been lost on the courts, which have universally held that Supreme Court decisional authority mandates a stay of discovery against the individual defendants through appeal in cases in which a government official asserts an entitlement to qualified immunity. The First Circuit's analysis of the issue in *Hegarty v. Somerset County*, 25 F.3d 17 (1st Cir. 1994) (per curiam), is representative:

> We recognize that Harlow's reference to staying discovery was in the context of the district court's resolution of the immunity question. But in light of the Court's later determination that a denial of qualified immunity is entitled to immediate appellate review, we believe that the stay of discovery, of necessity, ordinarily must carry over through the appellate court's resolution of that question, so long as the appeal is non-frivolous. The rationale for staying discovery applies with no less force while the appeal, to which the officers are entitled, proceeds.

*Id*. at 18 (citation omitted); *see also Blinco v. Green Tree Servs.*, 366 F.3d 1249, 1252 (11th Cir.

2004) ("A district court . . . properly stays discovery pending appeal of a denial of immunity."); *Dominque v. Telb*, 831 F.2d 673, 676 (6th Cir. 1987) ("Pending resolution of the qualified immunity issue on appeal, the defendant may not be subjected to further discovery.").

Because the immunity defense, whether qualified or absolute, includes a protection from undergoing the burdens associated with the discovery process, allowing discovery before the appeal has been resolved renders the immunity protection largely meaningless.

### III. A Stay Is Appropriate Because the Defendants Have a Strong Case on the Merits of The Appeal.

When it denied the certification in this matter, this Court emphasized the Plaintiff's allegation of libel and intent, rather than the **scope** of Congressman Murtha's duties. Specifically, the Court reflected that it was troubled by the idea of a Congressman being immune from lawsuits when they go to their home districts and say things about private persons. But the more appropriate inquiry is to "focus[] on the underlying dispute or controversy, not on the nature of the tort," which is "broad enough to embrace any intentional tort arising out of a dispute that was originally undertaken on the employer's behalf." *Council on American Islamic Relations v. Ballenger*, 444 F.3d 659, 664 (D.C. Cir. 2006).

"The appropriate question, then, is whether that [interview] – not the allegedly defamatory sentence – was the kind of conduct [the Congressman] was employed to perform." *Id*. *Compare id*. at 665 (communicating with constituents through the media, such as television and radio interviews and the like, about important national issues is a normal and routine part of a Member's representational duties); *Williams v. United States*, 71 F.3d 502, 507 (5th Cir. 1995) ("a primary obligation of a Member of Congress in a representative democracy is to serve and

5

respond to his or her constituents"); *United States v. Brewster*, 408 U.S. 501, 512 (1972) (legitimate activities of members of Congress include "preparing so-called "news letters" to constituents, news releases and speeches delivered outside the Congress"); *Chapman v. Rahall*, 399 F. Supp. 2d 711, 714 (W.D. Va. 2005) (congressman's "remarks, made to the media to ensure his effectiveness as a legislator, can 'fairly and reasonably be deemed to be an ordinary and natural incident or attribute' of his job as a legislator"); *Operation Rescue National v. United States*, 975 F. Supp 92, 107 (D. Mass 1997), aff'd, 147 F.3d 68 (1st Cir. 1998) ("a primary obligation of a Member of Congress in a representative democracy is to serve and respond to his or her constituents. Such service necessarily includes informing constituents and the public at large of issues being considered by Congress.").

      Here, when the statement regarding Congressman Ballenger's marital separation (or even the Senator's description of Operation Rescue as being involved in firebombing and murder in *Operation Rescue*) was found to be within the scope of his employment, then information regarding Congressman Murtha's views about the Haditha incident and the Iraq war in general are clearly a matter of public interest and within the scope of his employment as a Congressman and the Chair of the Subcommittee on Defense. Consequently, statements involving the war in Iraq will be of interest to at least some subset of Congressman Murtha's constituents, especially while his Joint Resolution (HJ Res. 18) is pending before Congress.

      At a minimum, Defendants have made a "substantial case on the merits," and because the other three factors clearly favor the stay, it should be granted. *Holiday Tours*, 559 F.2d at 843. *Compare Jewish War Veterans v. Gates*, Misc. Nos. 07-220, 07-221, 07-222 (JDB), 2007 WL 3293261 (D.D.C. 2007) (while the movants were not likely to prevail on their claim that

6

documents sought were not material and relevant; the potential infringement of the Speech or Debate Clause privilege presented sufficient risk of irreparable harm to warrant stay pending appeal).

## IV.     Plaintiff Will Not Be Injured by a Stay.

Plaintiff has already served document requests and a Notice of Deposition upon the Defendants, and accordingly, has preserved his rights to conduct discovery. Notably, although Plaintiff opposes a stay, he has agreed to postpone the discovery in this matter until the Court has ruled on this Motion. Thus, Plaintiff cannot demonstrate any injury that may result from a brief stay pending an appeal of the matter to the D.C. Circuit Court.

## V.     The Issues Raised on Appeal Are Serious and Granting a Stay Is in the Public Interest.

Without a stay pending the appeal, the Court's order will result in the requirement that a current sitting Congressman be deposed to explain the reasons behind his public statements on matters of public concern, and further be ordered to provide documents including his calendar, contacts, and other papers explaining his motive for making statements on a public matter while he has related legislation pending. Such a requirement would, in fact, allow a party to harass a member of Congress every time the Congressman makes a statement that the party does not like or otherwise deems to be offensive. "[W]here an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.'" *Mitchell*, 472 U.S. at 525 (quoting *Harlow*, 457 U.S. at 819). "The 'consequences' with which we were concerned in *Harlow* are not limited to liability for money damages; they also include 'the general costs of

7

subjecting officials to the risks of trial-distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.'" *Id*. Thus, maintaining the status quo by granting a stay pending appeal is, therefore, manifestly in the public interest.

Under these circumstances, it is appropriate that the Court stay the effect of its September 28th denial and permit the Circuit Court to review the serious issues raised by Defendants.

## **CONCLUSION**

For all the foregoing reasons, the Defendants' Motion to Stay Pending Appeal should be granted.

Respectfully submitted,

　/s/ Jeffrey A. Taylor　　　　　　　
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


　/s/ Rudolph Contreras　　　　　　　
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


　/s/ Darrell C. Valdez　　　　　　　
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK D. WUTERICH, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-1366 (RMC) |
| JOHN MURTHA, Congressman, | ) |
| Defendant. | ) |

## **ORDER**

Upon consideration of Defendants' Motion to Stay Pending Appeal, any Opposition thereto, it is this _____ day of _____, 2007

ORDERED that the motion is GRANTED, and it is further

ORDERED that this matter is stayed pending the resolution of the Defendants' appeal.

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE