# EXHIBIT "2"

# Letter Dated December 4, 2007 Re: Murtha Interview

IRVIN B. NATHAN
GENERAL COUNSEL

KERRY W. KIRCHER
DEPUTY GENERAL COUNSEL

DAVID PLOTINSKY
ASSISTANT COUNSEL

CHRISTINE DAVENPORT
ASSISTANT COUNSEL

JOHN D. FILAMOR
ASSISTANT COUNSEL

U.S. HOUSE OF REPRESENTATIVES
OFFICE OF THE GENERAL COUNSEL
219 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

December 4, 2007

**BY FACSIMILE (713-552-0746) AND FIRST-CLASS MAIL**

Kyle R. Sampson, Esq.
Zimmerman, Lavine, Zimmerman, & Sampson, P.C.
770 South Post Oak Lane, Suite 620
Houston, TX 77056

    Re:    *United States v. LCpl. Stephen Tatum*

Dear Mr. Sampson:

    I write as counsel to the Honorable John P. Murtha, U.S. Representative for the 12th congressional district of Pennsylvania, in response to your letter to him of November 21, 2007. You have requested an interview of Congressman Murtha in connection with your representation of Lcpl. Stephen Tatum in the above-referenced case. Specifically, with respect to the November 19, 2005 incident in Haditha, Iraq, you state that the Congressman was "briefed by the highest levels of the Marine Corps," and that you "would like to find out who briefed [him], what facts they told [him], and what led [him] to proclaim that there was no enemy ambush that morning and the Marines killed in cold-blood." The Congressman must respectfully decline your request.

    As you may know, Ssgt. Frank D. Wuterich has filed a defamation suit against Congressman Murtha with respect to certain of the Congressman's statements on the Haditha incident. That suit is currently being litigated in the U.S. District Court for the District of Columbia and the U.S. Court of Appeals for the D.C. Circuit. *Wuterich v. Murtha*, No. 06-1366 (D.D.C.); *Wuterich v. Murtha*, No. 07-5379 (D.C. Cir.). An interview on this subject of the type you request may have an effect on this ongoing litigation and would not be appropriate.

    More importantly, the information you seek is manifestly legislative in nature, and is, therefore, privileged under the Speech or Debate Clause, U.S. Const., art. I, § 6, cl. 1, which is a fundamental pillar of Congress' independence. *See, e.g., Eastland v. United States Serviceman's Fund*, 421 U.S. 491, 502 (1975); *Gravel v. U.S.*, 408 U.S. 606, 617 (1972); *U.S. v. Johnson*, 383 U.S. 169, 178 (1966). The Speech or Debate Clause was designed to protect Members of Congress against, among other things, compelled disclosure of legislative information. *See, e.g., Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408 (D.C. Cir. 1995). The legislative activities protected by the Clause include information-gathering of the type about which you seek to inquire. *See, e.g., Eastland*, 421 U.S. at 504 ("'[a] legislative body cannot legislate wisely or effectively in the absence of information respecting the conditions which the legislation is intended to affect or change'"); *U.S. v. Dowdy*, 479 F.2d 213, 223-24 (4th Cir. 1973); *Gov't of the*

Kyle R. Sampson, Esq.
December 4, 2007
Page 2

*Virgin Islands v. Lee*, 775 F.2d 514, 521 (3rd Cir. 1985); *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 530 (9th Cir. 1983); *McSurely v. McClellan*, 553 F.2d 1277, 1287 (D.C. Cir. 1976).

      For all these reasons, Congressman Murtha respectfully declines your request about this matter. Thank you for your attention. Please contact me if you have any further questions. Do not contact Congressman Murtha or his office directly.

      Sincerely,

      John D. Filamor
      Assistant Counsel

cc:    Honorable John P. Murtha