## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANK D. WUTERICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-1366 (RMC) |
| | ) | |
| JOHN MURTHA, | ) | |
| Congressman, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
### TO MOTION TO STAY PENDING APPEAL

**I.    The Matter Is Immediately Appealable Under 28 U.S.C. § 1291.**

In his Opposition, plaintiff argues that the Court's order is not immediately appealable under 28 U.S.C. § 1291, because it concerns "absolute immunity" and not "qualified immunity." In support of his argument, Plaintiff cites general interlocutory appeal decisions, and fails to address the Supreme Court decisions that specifically provide for immediate appeals in denials of absolute immunity. More importantly, Plaintiff's effort to distinguish "absolute immunity" from "qualified immunity" gets the very reasons for immediate review backwards.

As plaintiff essentially concedes, the Supreme Court has made clear that a denial of qualified immunity is immediately appealable under 28 U.S.C. § 1291, and that an appeal should be allowed even before any discovery is taken. See Mitchell v. Forsyth, 472 U.S. 511, 525-26 (1985); id. at 526 ("even such matters as pretrial discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government") (citation omitted). Significantly, the Supreme Court further explained that qualified immunity denials are immediately appealable for the same reasons that absolute immunity denials are also appealable.

Id. at 525. Thus, contrary to Plaintiff's premise, the Supreme Court has made unambiguously clear that absolute immunity denials, no less than qualified immunity denials, are immediately appealable under 28 U.S.C. § 1291. Id. ("The denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action").

The D.C. Circuit, proceeding against this backdrop, has repeatedly explained that absolute immunity denials in general, in a broad range of contexts, are properly subject to immediate appeal under 28 U.S.C. § 1291. See, e.g., Doe v. Exxon Mobil Corp., 473 F.3d 345, 350 (D.C. Cir. 2007); Fields v. Ofc. of Eddie Bernice Johnson, 459 F.3d 1, 23 (D.C. Cir. 2006); see also Gross v. Winter, 876 F.2d 165, 166 n.1 (D.C. Cir. 1989) ("An immediate appeal is permitted from a denial of absolute immunity because the doctrine is designed to protect legislators not only from ultimate liability, but also from the cost and inconvenience of litigation.").

Notably, the Westfall Act incorporates these very principles. As the Supreme Court explained in Osborn, "the Westfall Act accords Federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties," Osborn v. Haley, __ U.S. __, 127 S.Ct. 881, 887 (2007). The Court observed that "the Courts of Appeals are unanimous in holding that orders denying Westfall Act certification and substitution are amenable to immediate review under [28 U.S.C. § 1291].... We confirm that the Courts of Appeals have ruled correctly on this matter." Id. at 893 (citations omitted).

Contrary to Plaintiff's suggestion, there is also no question that this Court's ruling here constitutes a denial of absolute immunity for these purposes. Indeed, the Supreme Court has

2

made abundantly clear that, in the immunity context, allowing discovery to proceed is itself an

infringement of the immunity right, and for that reason an appeal is allowed both at the motion to

dismiss stage and at the summary judgment stage.  <u>Osborn</u>. 127 S.Ct. at 892; <u>see</u> <u>Behrens v.</u>

<u>Pelletier</u>, 516 U.S. 299, 306-08 (1996); <u>Mitchell</u>, 472 U.S. at 526.

The Government's position is that the complaint, based on the facts it alleges, requires

dismissal of Congressman Murtha on scope of employment grounds, and requires instead

substitution of the United States as a matter of law.  The Court's ruling, denying that motion and

directing that the Congressman be deposed, effectively denies entitlement to absolute immunity

from suit.  Consequently, the Court's denial of substitution/immunity is subject to immediate

appeal under the above principles of 28 U.S.C. § 1291.[1]

## II.    Defendants Have Adequately Demonstrated The Requisite Elements of a Stay.

### A.    The Merits of The Appeal.

On the merits of the central scope of employment question, Plaintiff maintains that the

Government's appeal must be seen as insubstantial, and that a stay is unwarranted for this reason

too.  This argument fails under <u>Council on American Islamic Relations v. Ballenger</u>, 444 F.3d

659 (D.C. Cir. 2006).  In <u>Ballenger</u>, the D.C. Circuit held a Congressman's statements to be

within scope even though they concerned only the topic of his relationship with his wife and the

---

[1]    Even if this Court were to harbor any doubt regarding appealability under Section
1291, a stay should still issue, and any question of appellate jurisdiction would then be addressed
by the court of appeals.  However, if this Court is inclined to accept Plaintiff's argument that the
appealability concerns counsel against a stay, then in the interests of justice, the Court should
certify the matter for appeal under 28 U.S.C. § 1292(b).  The elements of that statute would
plainly be met, and certification would help eliminate any uncertainty regarding appellate
jurisdiction, and allow the court of appeals to make its own determination regarding the
application of Section 1291 and/or 1292(b).  The Court should stay the present matter so that
appellate proceedings may move forward in an orderly manner one way or another.

state of his marriage, matters that might plausibly be characterized as entirely personal in nature.
Id. at 664-665.  If the statements at issue in Ballenger were within scope, as the Court of Appeals
held they were, it necessarily follows, at a minimum, that the Government has a reasonable and
substantial argument that the alleged statements in the present case – concerning the ongoing
situation in Iraq, a matter of the greatest public import – are also within scope.

       Plaintiff also ignores an additional crucial element of the Ballenger analysis.  The D.C.
Circuit made clear there that, for scope of employment purposes, "[t]he appropriate question" is
whether the interviews themselves, and "not the alleged defamatory [statements]," reflect the
"kind of conduct" that a Congressman is "employed to perform."  Id. at 664. Here, Defendants
respectfully submit, there is undeniably a substantial argument that the interviews themselves,
dealing with the war in Iraq and the role and performance of the U.S. military, meet this test. A
stay is clearly warranted.

       **B.**     **Irreparable Harm To Defendants.**

       To argue that no irreparable harm will incur to the Defendants is to ignore the reality that
a denial of a stay would result in the occurrence of the very harm sought to be protected against –
the deposition of the Congressman – and, consequently, would undermine the very basis for the
appeal.

       Nor does Plaintiff's unsupported assertion that Congressman Murtha may be deposed in
the criminal matter alleviate this harm.  Preliminarily, it now appears that Plaintiff's real reason
for seeking to depose the Congressman is to obtain discovery in the criminal matter.  This is an
inappropriate use of a civil proceeding.  See Gordon v. Federal Deposit Insurance Corp., 427
F.2d 578, 580 (D.C. Cir. 1970).  Further, the question of any "undue influence" by Congressman

4

Murtha is not to be discovered through Congressman Murtha, nor within the small confines of the three public statements he made regarding the incident at Haditha.

Indeed, the public statements made by the Congressman are already known and public. What Plaintiff apparently seeks to discover is what "other" influence was allegedly brought upon the military by the Congressman, which is not the subject of discovery this litigation, nor is it relevant to the present matter. Notably, the evidence regarding whether the prosecuting officials felt any "undue influence" to bring the charges against Plaintiff would best come from any officers in the U.S. Marine Corps who were the targets of any such influence, and not the Congressman.

### C.    Injury To Plaintiff by a Stay.

Nor will Plaintiff suffer any injury. The Court of Appeals has already established a relatively abbreviated schedule for filing an Entry of Appearance, a Docketing Statement, a Statement of Issues to be Raised, and Dispositive Motions (if any). Thus, the matter will be determined by the Court of Appeals in a reasonable time. Hence, there is no showing of harm to other parties if the stay is granted.

### D.    The Public Interest.

Whether Plaintiff can count the number of times a Member of Congress has been sued for public statements made in the scope of his or her duties is not material to the determination of the public interest. Even one suit being allowed to go forward could create a chilling effect upon the Members' ability to speak out on behalf of their constituents. Under the Plaintiff's view of the law, there would likely be many more such suits in the future. Accordingly, the issues raised on appeal are serious, and granting a stay is in the public interest.

Respectfully submitted,


 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843