UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FRANK D. WUTERICH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-1366 (RMC) |
| JOHN MURTHA, | ) ) ) | |
| Defendant | ) ) | |

### ORDER

The Honorable John Murtha is a Member of the House of Representatives. The United States says that he cannot be sued for a series of remarks to various reporters at various times and places that allegedly defamed Plaintiff Frank D. Wuterich. There are extremely limited facts before the Court and the United States resists offering any more. It insists that a Congressman is absolutely immune from a defamation suit arising from comments to a reporter about a private citizen because it can identify no circumstance in which speaking to the media is not within the scope of a Congressman's employment.

This Court was unwilling to proclaim such a sweeping version of absolute immunity and ordered very limited jurisdictional discovery, including a deposition of Representative Murtha. *See* September 28, 2007 Minute Entry Order. The United States has appealed that order and seeks a stay during the appeal. *See* Notice of Appeal [Dkt. # 14]; Def.'s Mem. in Supp. of Mot. to Stay Pending Appeal ("Def.'s Mem.") [Dkt. # 15].

The United States argues that "[w]ithout a stay pending the appeal, the Court's order will result in the requirement that a current sitting Congressman be deposed to explain the reasons

behind his public statements on matters of public concern, and further be ordered to provide documents including his calendar, contacts, and other papers explaining his motive for making statements on a public matter while he has related legislation pending." Def.'s Mem. at 7. This argument, of course, assumes the conclusion of jurisdictional discovery without so much as an affidavit from Representative Murtha or clarity as to where he was, to whom he was speaking, and what he said on each of the allegedly offending occasions. The Court is not as shocked as counsel at the thought of the deposition of a sitting Member of Congress. Even Presidents can be required to interrupt their tremendous responsibilities when civil litigation requires it.

The United States is in this position because it chose to make a bald legal argument which the Court found too broad to accept but which could not be more finely tuned without some kind of fact record. The questions are very important: what is the "scope of employment" for a Member of Congress? Can a Congressman allegedly defame a private citizen with absolute immunity, as long as there is pending legislation which is arguably, but not certainly, related? Does it matter where the Congressman is speaking or whether he is advancing legislation, advancing a campaign for his own re-election, advancing his name for a partisan leadership post, or speaking for some other reason? Does it matter whether the information is accurate? The answers to some of these questions seem obvious, others are more obscure. But it is inappropriate to ask a court to rule on such important questions in a vacuum; the distinctions to be drawn may, in the end, be more nice than obvious, but they need to be based on some facts. The United States offers only that Representative Murtha has introduced legislation to bring the troops home from Iraq and that he is Chair of the Subcommittee on Defense. Def.'s Mem. at 6. It then argues that his every utterance to the press on the subject of Iraq, even when made far from Capitol Hill and allegedly defamatory, is

absolutely protected. *Id*. This Court cannot accept such blanket immunity.

The United States offered no alternatives to Plaintiff's request that he be permitted to depose Representative Murtha and to obtain limited documentary evidence to learn where he was, to whom he was speaking, and what he said at the times in question. Should the United States believe Plaintiff's requests over-broad,[1] it can seek to reduce them.

The Court agrees that an immune public official is also immune from discovery itself. The question here is whether Representative Murtha was acting within the scope of his employment at all relevant times and was, therefore, immune. *See Majano v. United States*, 469 F.3d 138 (D.C. Cir. 2006) (reversing and remanding to trial court for determination of whether federal employee was acting within scope of employment, such that Westfall Act, 28 U.S.C. § 2679(d)(1), would apply). With limited jurisdictional discovery, the Court will be able to answer that question and, if it concludes that Representative Murtha was acting within the scope of his employment, it will also conclude that Representative Murtha is immune from any further discovery on the underlying defamation suit.

The Court needs some facts from which such a determination could be made. Discovery is the answer to that dilemma. The Court does not believe that jurisdictional discovery in this context is extraordinary or burdensome.[2] However, if Representative Murtha submits to the

---

[1] The United States complains that "Plaintiff served 25 document requests upon the Defendant[], seeking each and every document relating or referring to the incident at Haditha, as well as each and every document relating or referring to every conversation Congressman Murtha had with any person regarding the incident at Haditha. Plaintiff further served a Notice of Deposition for Congressman Murtha." Def.'s Mem. at 4.

[2] The Court does not certify the question(s) for interlocutory review by the Court of Appeals. The Court was not asked to certify any question. The United States takes the position, which Plaintiff opposes, that it has an automatic right to seek review of the Order directing

deposition ordered by this Court, his appeal of that order may become moot. The documents the Plaintiff seeks are described by his discovery request and counsel for the United States is ordered to identify each responsive document and ensure that none is destroyed or lost during the course of the appeal. Counsel is ordered to notify the Court when that task is completed. Any question regarding the scope of the requests and/or privilege can be addressed after the Court of Appeals issues its ruling, if it remands this case for further development.

So that the appeal will not be mooted, the Court will **GRANT** Plaintiff's Motion to Stay Pending Appeal [Dkt. # 15].

**SO ORDERED**.

Date: December 17, 2007

/s/
ROSEMARY M. COLLYER
United States District Judge

---

jurisdictional discovery.